UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEENORD CHESTER CANADA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-2212 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on movant Leenord Chester Canada's renewed motion for a copy of the plea and sentencing transcripts in his underlying criminal case at government expense, United States v. Canada, No. 4:04-CR-399 CAS (E.D. Mo.). The motion should be denied for the following reasons.

Fees for transcripts in proceedings brought pursuant to 28 U.S.C. § 2255 by persons allowed to proceed in forma pauperis are "paid by the United States out of moneys appropriated for those purposes." 28 U.S.C. § 753(f). In proceedings brought pursuant to 28 U.S.C. § 2255, the fee shall be paid by the United States upon certification by the trial judge that the suit "is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." Id.

On April 24, 2007, the Court issued an order denying movant's original motion for a copy of the plea and sentencing transcripts because the motion did not identify which claim or claims the transcript requests related to and how the transcripts were needed to decide the issues presented. In his renewed motion for a copy of the transcripts, movant states that the transcripts are necessary because they "are related to in est de jure matter in fieri in hac parte [sic] to Ground 2, 4, & 6 of the Motion filed in this matter in haec verba [sic] such will clear up the conflict to which Ground two hold in relation to the drug and search warrant on the day in question." Movant also states that the

transcripts will be used "for the litigation of other matter in relation to Ground 1 & 3, to wit, has to do with issues surrounding the fact of the 'so call chas [sic] into the house.'"

Although movant has identified by number which claims the transcript requests relate to, he has not identified how the transcripts are needed to decide the issues presented in these claims. The Court notes that much of movant's explanation is incoherent. As a result, the Court is unable to determine whether the transcripts should be provided under 28 U.S.C. § 753(f). The motion should therefore be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Pro Se Renewed Motion for Transcripts is **DENIED without prejudice**. [Doc. 15]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 1st day of June, 2007.