UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEENORD CHESTER CANADA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:05-CV-2212 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Leenord Chester Canada's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

**I.  Background**

On July 15, 2004, movant Canada was indicted on one count of being a previously-convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count I), and on a second count of knowingly and intentionally distributing cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) (Count II).

Movant signed a stipulation of facts and pleaded guilty to Count I.  Count II was dismissed on the government's motion.  Prior to sentencing, the parties agreed in the plea agreement and the pre-sentence report stated that movant had a base level offense of 24, as found in Section 2K2.1(a)(1) of the Federal Sentencing Guidelines.  The pre-sentence report recommended that 4 levels be added pursuant to Section 2K2.1(b)(5) because "the defendant used or possessed any firearm or ammunition in connection with another felony offense."

It was further recommended that movant receive a 3-level reduction for acceptance of responsibility. The final sentencing recommendation level was 25.

The Court held sentencing proceedings in this case on January 20, 2005. The Court found the stipulation of facts, which movant admitted in his plea agreement, did not contain facts sufficient to support the 4-level enhancement to movant's base offense for use of a firearm in connection with another felony. The Court found movant had a base offense level of 24, and was entitled to a 3-level reduction, resulting in a final offense level of 21. The Court then sentenced movant to a term of imprisonment of forty-six months, followed by a two-year term of supervised release.

Movant did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals. On November 21, 2005, he filed the instant § 2255 motion for post-conviction relief. In the § 2255 motion now before the Court, movant claims the following six grounds entitle him to relief:

Ground One – Movant claims he received ineffective assistance of counsel during the pre-plea and plea stages of his criminal case in that (1) his counsel advised him to enter into a stipulation that stated movant possessed a firearm used in connection with a drug trafficking crime, when he did not, and this admission increased the offense level to 25; and (2) his counsel agreed to apply the Federal Sentencing Guidelines, "even though the Supreme Court held those guidelines to be advisory only," and she did not seek a modification of the plea agreement after United States v. Booker, 543 U.S. 220 (2005) was announced.

Ground Two – Movant claims he received ineffective assistance of counsel at the sentencing phase of the criminal case because his counsel failed to object to the statement in the pre-sentence investigation report that movant possessed a firearm used in connection with the commission of a felony offense.

Ground Three – Movant claims the indictment was defective in that the indictment did not allege that movant's prior convictions were felony drug offenses, and movant "did not plead guilty with the understanding that he would be sentenced any more harshly than anyone who is charged with the offense of possessing a firearm after a previously [sic] felony conviction."

Ground Four – Movant claims his right to due process of law was violated when he was sentenced for possessing a firearm used in connection with the commission of a felony offense.

Ground Five – Movant claims he received ineffective assistance of counsel at the sentencing phase of the proceedings because his counsel failed to object to the inclusion os statements in the pre-sentence investigation report that movant possessed a firearm used in connection with the commission of a felony offense.[1]

Ground Six – Movant claims he received ineffective assistance of counsel in that his counsel failed to conduct an adequate factual investigation, which would have established that there was no indication the firearm in question was used in connection with the

---

[1] It appears movant is asserting the same claim in Ground Five as that which he asserted in Ground Two.

commission of a felony offense, and she failed to file a motion to suppress the seizure of the firearm, which was the result of an unlawful search.

## II. Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

## III. Discussion

### A. Claims of Ineffective Assistance of Counsel.

In his petition, movant makes a number of claims that he received ineffective assistance of counsel during the course of his criminal proceedings. To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v.

4

Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. A court is to consider whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel's conduct fell within the wide range of reasonable professional assistance, and much deference is granted to counsel's performance. Id.; see also Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Strickland, 466 U.S. at 697.

Under the second prong, prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the case of a plea agreement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A court may address the two prongs in any order, and if the movant fails to make

5

a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

In Grounds One, Two, Five, and Six movant claims his counsel was ineffective because she: (1) advised movant to enter into a plea agreement stating movant possessed a firearm used in connection with a drug trafficking crime when he did not, which increased the estimated offense level by four points; (2) failed to object to the statements in the pre-sentence investigation report that the movant possessed a firearm used in connection with the commission of a felony, when he did not; (3) failed to conduct an adequate investigation, which would have established that he did not use the gun in question in connection with the commission of a felony offense; and (4) failed to file a motion to suppress the gun.

Setting aside whether movant's representation was deficient in these respects, movant's claims fail because he cannot establish prejudice. The fact of the matter is movant did not receive a 4-level sentencing enhancement under 2K2.1(b)(5). The Court found the stipulation of facts to which movant admitted did not contain facts sufficient to support the 4-level addition to the base offense level, because the stipulation of facts did not set forth facts establishing he possessed a firearm used in connection with a felony.[2] Movant simply

---

[2] As for movant's argument that he has been prejudiced because he has not been allowed to participate in certain prison programs due to the statements made in the pre-sentence investigation report that he possessed a gun in the commission of a felony, this claim is not cognizable in a § 2255 habeas proceeding. Section 2255 is to be used to challenge the validity of a sentence, as opposed to challenges to the manner of carrying out a prisoner's sentence. Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006); see also United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (the habeas statute "affords relief only to prisoners claiming a right to be released from custody.")

cannot show the outcome would have been different had his counsel conducted a more thorough investigation, filed a motion to suppress the gun, and/or objected to the inclusion of statements that movant was found in possession of a firearm in the pre-sentence investigation report and the plea agreement. Movant pleaded guilty to the charge of distributing cocaine base only. The firearm charge was dropped, and the fact movant was in possession of a firearm, whether it was used in connection with the commission of a felony or not, was not taken into consideration during sentencing.

Movant also claims his counsel was ineffective in that she agreed to the application of the Federal Sentencing Guidelines and did not seek a modification of the plea agreement after the United States Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). This claim must also fail. Movant signed his plea agreement in October 2004. The Supreme Court issued the Booker decision on January 12, 2005. Eight days later, on January 20, 2005, movant was sentenced. As the Eighth Circuit has noted, "the development in the law announced by Booker subsequent to [a] guilty plea does not invalidate [the] plea." United States v. Parsons, 408 F.3d 519, 521 (8th Cir. 2005). See also United States v. Sahlin, 399 F.3d 27, 31 n.3 (1st Cir. 2005) (rejecting the defendant's arguments that his pre-Booker plea was unknowing and involuntary in light of Booker). Furthermore, the Court was aware at the time of sentencing that the Supreme Court had ruled the Sentencing Guideline to be advisory.

### B. Claim Regarding Adequacy of Indictment.

As his third ground for relief, movant maintains he was indicted as a felon who possessed a firearm, but the indictment did not allege that the prior convictions were violent or serious drug offenses. Because they were, movant contends, he was sentenced more harshly than he anticipated when he agreed to plea guilty. The Court finds this claim is without merit. First, movant waived any such claim in his plea agreement. The plea agreement states "defendant further agrees to waive all right to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." See Plea Agreement, dated October 26, 2004, at 3 (emphasis added). Movant's third ground for relief clearly falls within this waiver. United States v. Lee, 502 F.3d 780, 780-81 (8th Cir. 2007) (upholding validity of appeal waiver); United States v. Sanchez-Vargas, 227 Fed. App. 541, 541-42 (8th Cir. 2007) (same); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (same); see also Perry v. United States., 576 F.2d 158, 159 (8th Cir. 1978) ("[w]hatever claim [defendant] is raising concerning the sufficiency of the indictment was waived by his plea of guilty.")

Even if the Court were inclined to address the matter, an indictment need not categorize prior convictions. Howard v. United States, 2005 WL 1368039 (8th Cir. 2005); United States v. Patterson, 412 F.3d 1011, 1015-16 (8th Cir. 2005) ("[o]nce the sentencing court determines that a prior conviction exists, the characterization of that conviction as a violent felony is a legal matter for the court.") Finally, the plea agreement clearly shows

8

movant did acknowledge his prior convictions were violent or serious drug offenses that would enhance his sentence. See Plea Agreement, dated October 26, 2004, at 6-7.

### C. Claim That Movant Was Sentenced as Felon in Possession of a Firearm Used in Connection with the Commission of a Felony Offense.

Finally, in Ground Four, movant claims he was sentenced on the basis that the gun in question was used by him in connection with the commission of a felony offense, which was an error. This claims clearly fails on its face because movant was not sentenced on this basis. The Court specifically found that the stipulation of facts to which movant admitted in his plea agreement did not support a finding that the gun in his possession was used the commission of a felony, and the Court declined to impose a 4-level enhancement on this basis.

### IV. Conclusion

Movant has failed to raise any grounds upon which habeas relief is warranted, therefore the Court shall dismiss movant's motion to vacate in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Leenord Chester Canada's motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Leenord Chester Canada has not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of December 2007.